**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| VERNON STANCUNA,<br>    *Plaintiff*, | ) | NO. 3:25-CV-1752 (KAD) |
| | ) | |
| v. | ) | |
| | ) | |
| TOWN OF WALLINGFORD, PATROL | ) | |
| OFFICER VINCENT ANASTASIO, LT. | ) | |
| STEPHEN JAQUES, DET. MICHAEL | ) | MAY 19, 2026 |
| FRIELLO, and SGT. BRIAN NOWEK, | ) | |
|    *Defendants*. | ) | |

## MEMORANDUM OF DECISION RE: [25] DEFENDANTS' MOTION TO DISMISS THE [1] COMPLAINT

Kari A. Dooley, United States District Judge:

Plaintiff Vernon Stancuna, proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983 ("Section 1983") against Defendants Town of Wallingford ("Wallingford"), Patrol Officer Vincent Anastasio, Lieutenant Stephen Jaques, Detective Michael Friello, and Sergeant Brian Nowek (collectively, "Defendants"), alleging that in December 2023, Defendants violated his rights under the First and Fourteenth Amendments to the United States Constitution. *See* Complaint ("Compl."), ECF No. 1. On December 19, 2025, Defendants filed the instant Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, arguing principally that the Complaint does not plausibly allege a viable Section 1983 claim against any Defendant, and otherwise additionally fails to allege the personal involvement of the individual Defendants. *See* MTD, ECF No. 25.

For the reasons that follow, Defendants' Motion to Dismiss is **GRANTED** without prejudice, and Plaintiff will be given leave to file an Amended Complaint with respect to some of the claims asserted.

**Allegations**

The following facts are taken from the Complaint and accepted as true for the purpose of Defendants' Motion to Dismiss.

Plaintiff is a resident of Wallingford, Connecticut. Compl. at ¶ 4. On December 3, 2023, Plaintiff reported a burglary to the Wallingford Police Department ("WPD"), arising from an alleged theft of approximately $70,000 in precious metals and $7,000 in cash from Plaintiff's residence and sprinter van, respectively. *See id.* at ¶ 7. According to Plaintiff, "[c]redible evidence was given to the [WPD] that the crime was perpetrated by Doug Cone and an accomplice." *Id.* at ¶ 9. Doug Cone is a "experienced master mechanic" who had worked on many of Plaintiff's vehicles, and "evidence was provided to the [WPD] that the battery inside [Plaintiff's] [s]printer van was tampered with, signs that only a master mechanic would be able to perpetrate." *Id.* Plaintiff repeatedly called the WPD's investigating officer regarding this evidence, which nevertheless "never made it into the final report." *Id.*

Plaintiff alleges that the WPD's criminal investigation into the burglary was inadequate because: (1) Doug Cone's brother was previously a member of the WPD, and "no Defendant would present evidence against or seek an arrest warrant against the family member of a fellow officer"; and (2) it was premised on the WPD's "desire to hurt [Plaintiff] financially for his past federal lawsuits filed against its officers." *See id.* at ¶ 12. Indeed, Plaintiff claims that Defendants "actions/inactions with respect to investigating [the burglary] [were] made for the purpose of retaliating against [Plaintiff] for having filed" such lawsuits, "and to protect the good character and prevent a criminal case against Doug Cone, brother to an officer of the [WPD]." *Id.* at ¶ 13. The Complaint further suggests that Defendants' retaliatory conduct resulted in harm to Plaintiff's

2

"good character," as well as financial loss to Plaintiff, to the extent he was restricted from accessing the courts and receiving an order of restitution against Doug Cone. *See id.* at ¶¶ 14–15.

Plaintiff contends that the WPD has a "vendetta against [him]," and that Defendants conspired with other WPD officers named in Plaintiff's prior lawsuits to violate his constitutional rights. The Complaint alleges that Defendants furthered such conspiracy by prolonging their criminal investigation "to allow the statute of limitations to expire," thereby permitting Doug Cone "to escape any criminal investigation"; preventing Plaintiff's access to the courts; and "stigmatiz[ing] and defam[ing]" Plaintiff's character. *See id.* at ¶ 19.

**Procedural History**

Plaintiff filed the Complaint on October 16, 2025. *See* Compl., ECF No. 1. The Complaint asserts a retaliation claim arising under the First Amendment ("Count One"), an equal protection claim arising under the Fourteenth Amendment ("Count Two"), and a related civil conspiracy claim ("Count Three"). *See generally id.* Liberally construed, the Complaint also attempts to assert a municipal liability claim against Defendant Wallingford, under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). *See id.* at ¶¶ 4–5. Plaintiff seeks compensatory damages, punitive damages, and attorney fees and costs. *See id.* at p. 6.

On December 19, 2025, Defendants filed a Motion to Dismiss the Complaint. MTD, ECF No. 25. On January 21, 2026, Plaintiff filed an opposition to Defendants' Motion to Dismiss. Pl. Opp., ECF No. 31. Defendants filed their reply brief on February 4, 2026. Defs. Reply, ECF No. 32. On April 14, 2026, the Court stayed discovery pending adjudication of the instant Motion to Dismiss. *See* ECF No. 34.

**Standard of Review**

To survive a motion to dismiss filed pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 557). Legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to a presumption of truth. *Iqbal*, 556 U.S. at 678. Nevertheless, when reviewing a motion to dismiss, the Court must accept well-pleaded factual allegations as true and draw "all reasonable inferences in the non-movant's favor." *Interworks Sys. Inc. v. Merch. Fin. Corp.*, 604 F.3d 692, 699 (2d Cir. 2010). Moreover, where a plaintiff proceeds *pro se*, the Court must construe his pleadings liberally, and interpret the complaint to raise the strongest arguments it suggests. *See Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007).

**Discussion**

In seeking to dismiss the Complaint, Defendants argue that: (1) Plaintiff fails to state any claim against Defendant Wallingford; (2) the Complaint fails to adequately allege the personal involvement of any individual Defendant; (3) any claim arising from Defendants' failure to investigate or failure to conduct an adequate investigation is not cognizable under Section 1983;

and (4) the Complaint fails to adequately allege either an equal protection or conspiracy claim.[1] In his opposition, Plaintiff contends that "the Complaint fairly asserts a claim for retaliation against the [WPD] and its officers."[2]  Pl. Opp. at 3.  The Court agrees with Defendants that the Complaint must be dismissed, but the Court does so without prejudice to Plaintiff repleading his First Amendment claim against the individual Defendants.

Personal Involvement

As an initial matter, the Complaint fatally fails to allege the personal involvement of any individual Defendant in the alleged constitutional violations.

"It is well settled that, in order to establish a defendant's individual liability in a suit brought under [Section] 1983, a plaintiff must show . . . the defendant's personal involvement in the alleged constitutional deprivation." *Grullon v. City of New Haven*, 720 F.3d 133, 138 (2d Cir. 2013); *see also Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994).  "In other words, because vicarious liability is inapplicable to [Section] 1983 suits, a plaintiff must plead that each defendant, through the official's own individual actions, has violated the Constitution." *Doe v. State Univ. of New York at Stony Brook*, No. 19-CV-6039 (RRM), 2021 WL 1209563, at *5 (E.D.N.Y. Mar. 30, 2021) (cleaned up) (citing *Iqbal*, 556 U.S. at 676).

---

[1]  Defendants additionally argue that even to the extent the Complaint adequately alleges personal involvement, the individual Defendants are entitled to qualified immunity. *See* MTD at 11.  But insofar as the Court is herein dismissing Plaintiff's claims against the individual Defendants on personal involvement grounds, it need not reach this alternative argument.

[2]  The Court observes that Plaintiff's opposition attaches a purported "expert report" completed by Officer James Baranowski (the "Baranowski Report"), which purports to "detail how the [WPD] officers violated [Plaintiff's] constitutional rights when they engaged in retaliation against [him] to cause [him] financial harm." *See* Pl. Opp. at 1 (citing Baranowski Report, ECF No. 31-1).  It is well-settled that "a plaintiff cannot amend his pleadings via his opposition to a motion to dismiss." *Jackson v. New York State Off. of Mental Health*, No. 11-CV-7832 (KNF), 2012 WL 3457961, at *12 (S.D.N.Y. Aug. 13, 2012), *report and recommendation adopted*, 2012 WL 5862741 (S.D.N.Y. Nov. 15, 2012).  As such, the Court has not considered the Baranowski Report in deciding the instant Motion to Dismiss.  *See e.g.*, *Jordache Enters., Inc. v. Affiliated FM Ins. Co.*, No. 21-CV-5433 (RA), 2022 WL 986109, at *6 n.8 (S.D.N.Y. Mar. 31, 2022).  The Court further observes that the Baranowski Report is unsigned and otherwise noncompliant with Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure.

Here, the Complaint broadly describes the WPD's failure to adequately investigate the burglary of Plaintiff's home and vehicle, and asserts that such inaction on the part the WPD was in retaliation for Plaintiff's previous federal lawsuits involving the WPD and WPD officers. But the Complaint fails to sufficiently identify any individual Defendant's personal involvement in the foregoing purported constitutional deprivation, instead relying on group pleading "Defendants" and generalized allegations regarding the WPD as a whole. *See Moore v. Westchester Cnty.*, No. 18-CV-7782 (KMK), 2019 WL 3889859, at *5 (S.D.N.Y. Aug. 19, 2019) ("[N]onspecific allegations that rely on group pleading and fail to differentiate as to which defendant was involved in the alleged unlawful conduct are insufficient to state a claim."). Indeed, other than identifying the individual Defendants in the case caption and later indicating broadly that "Defendants" are WPD officers, *see* Compl. at ¶ 5, the Complaint fails to set forth a single allegation attributing any specific conduct to an individual Defendant. This is plainly insufficient, and accordingly, each of Plaintiff's claims against the individual Defendants must be dismissed.[3]

Counts Two and Three

The Court additionally concludes that Plaintiff has abandoned his equal protection and conspiracy claims, insofar as his opposition to Defendants' Motion to Dismiss does not include

---

[3] Plaintiff's failure to adequately allege the personal involvement of any individual Defendant is fatal to Counts One, Two, and Three. Nonetheless, as to Plaintiff's First Amendment retaliation claim (Count One), the Court further observes that Defendants, in seeking dismissal, appear to have conflated Plaintiff's retaliation claim with a purported "failure to investigate" claim. Defendants are correct that any claim arising from Defendants' purported failure to investigate or adequately investigate the burglary of Plaintiff's home and vehicle is not cognizable under Section 1983. *See McArthur v. Yale New Haven Hosp.*, No. 3:20-CV-998 (SRU), 2021 WL 3725996, at *6 (D. Conn. Aug. 23, 2021). However, the Court construes the Complaint as asserting the failure to investigate not as a constitutional claim in and of itself, but rather, as the purported "adverse action" involved in Plaintiff's First Amendment retaliation claim. *See Galgano v. County of Putnam*, No. 16-CV-3572, 2024 WL 1623401, at *104 (S.D.N.Y. Apr. 15, 2024) ("A plaintiff asserting a First Amendment retaliation claim must establish that: (1) his speech or conduct was protected by the First Amendment; (2) the defendant took an adverse action against him; and (3) there was a causal connection between this adverse action and the protected speech.") (citation omitted).

any discussion whatsoever as to such claims.[4]   It is well-settled that "[a]t the motion to dismiss stage, where review is limited to the pleadings, a plaintiff abandons a claim by failing to address the defendant's arguments in support of dismissing that claim."  *Horsting v. St. John's Riverside Hosp.*, No. 17-CV-3230 (CS), 2018 WL 1918617, at \*6 (S.D.N.Y. Apr. 18, 2018) (collecting cases).   While some courts in this Circuit have applied this principle in cases involving *pro se* litigants, others have cautioned that a *pro se* plaintiff should not be presumed to have abandoned his claims merely because his opposition did not address defendants' specific arguments for dismissal.  *Compare, Romain v. State Farm Fire & Cas. Co.*, 639 F. Supp. 3d 416, 421 n.3 (E.D.N.Y. 2022) (deeming *pro se* plaintiffs' claims abandoned when they were not addressed in their opposition to defendant's motion to dismiss); *Komatsu v. City of New York*, No. 20-CV-7046 (ER), 2021 WL 3038498, at \*9 n.8 (S.D.N.Y. July 16, 2021) (*pro se* plaintiff "arguably abandoned his claim" when he failed to address defendant's argument for dismissal); *McNair v. Ponte*, No. 16-CV-1722 (LAP), 2019 WL 1428349, at \*6 (S.D.N.Y. Mar. 29, 2019) ("This Court has deemed claims abandoned even in cases where the plaintiff was proceeding *pro se*.") (collecting cases); *with, Harriram v. Fera*, No. 21-CV-3696 (RA), 2024 WL 1020266, at \*4 (S.D.N.Y. Mar. 8, 2024) (declining to dismiss complaint where *pro se* plaintiff's opposition brief failed to address any of defendants' arguments) (citing *Tsismentzoglou v. Milos Estiatorio Inc.*, No. 18-CV-9664 (RA), 2019 WL 2287902, at \*2 n.3 (S.D.N.Y. May 29, 2019)); *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983) ("Implicit in the right to self-representation is an obligation on the part of the court to make reasonable allowances to protect *pro se* litigants from inadvertent forfeiture of important rights because of their lack of legal training.").

---

[4] Plaintiff's opposition likewise includes no discussion whatsoever as to any potential *Monell* claim against Defendant Wallingford.  But insofar as the Complaint plainly fails to state any such claim, the Court need not deem it abandoned.

"Ultimately, the question of abandonment is one of intent." *Austin v. Ford Models, Inc.*, 149 F.3d 148, 155 (2d Cir. 1998). And here, Plaintiff's opposition is silent as to the viability of either his equal protection or conspiracy claims. Conversely, Plaintiff's opposition makes abundantly clear that he fully intends to prosecute his First Amendment retaliation claim. Moreover, Plaintiff is an admittedly experienced litigator, having filed previous federal lawsuits in this District.[5] *See Marin v. New York*, No. 17-CV-4668 (CM), 2017 WL 6405847, at *1 (S.D.N.Y. Aug. 28, 2017) ("The [c]ourt ordinarily accords *pro se* litigants a substantial degree of solicitude in proceeding with their claims, but 'the degree of solicitude may be lessened where the particular *pro se* litigant is experienced in litigation.'") (quoting *Tracy v. Freshwater*, 623 F.3d 90, 102 (2d Cir. 2010)); *see, e.g.*, *Flemming v. Rock*, No. 15-CV-30 (DNH), 2016 WL 632248, at *3 (N.D.N.Y. Feb. 17, 2016) (special solicitude not afforded to *pro se* plaintiff who had "ample experience litigating and ha[d] particular experience in this district"). For all of these reasons, the Court concludes that Plaintiff has abandoned Count Two and Count Three.

<u>Municipal Liability – *Monell*</u>

In naming the Town of Wallingford as a Defendant in this Section 1983 lawsuit, Plaintiff attempts to assert a municipal liability claim under *Monell*. Indeed, *Monell* is the only vehicle by which to assert municipal liability pursuant to Section 1983. In *Monell*, the Supreme Court determined that "[l]ocal governing bodies . . . can be sued directly under [Section] 1983 for monetary, declaratory, or injunctive relief where . . . the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Id.* at 690. "Demonstrating that the municipality itself caused or is implicated in the constitutional violation is the touchstone of establishing that a

---

[5] The Court's CM/ECF system reveals approximately 20 previously filed lawsuits by Plaintiff.

municipality can be held liable for unconstitutional actions taken by municipal employees." *Amnesty Am. v. Town of West Hartford*, 361 F.3d 113, 124–25 (2d Cir. 2004).

A "municipality cannot be held liable *solely* because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under [Section 1983] on a *respondeat superior* theory." *Monell*, 436 U.S. at 691 (emphasis in original). "Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under [Section 1983]." *Id.* at 694. A plaintiff may demonstrate a government "policy or custom" by "alleging the existence of (1) a formal policy; (2) actions taken or decisions made by final municipal policymakers that caused the violation of plaintiff's rights; (3) a practice so persistent and widespread that it constitutes a custom or usage and implies the constructive knowledge of policymakers; or (4) a failure to properly train or supervise municipal employees that amounts to deliberate indifference to the rights of those with whom municipal employees will come into contact." *Gomez v. City of Norwalk*, No. 3:15-CV-1434 (MPS), 2017 WL 3033322, at *3 (D. Conn. July 17, 2017) (quotations omitted).

Here, the Complaint utterly fails to assert any allegations even arguably suggesting that Defendants' purportedly retaliatory conduct resulted from a Wallingford municipal policy, practice, or custom. At best, Plaintiff alleges that Wallingford has a "vendetta against [him]," which is wholly conclusory, factually vague, and therefore plainly insufficient. *See Iqbal*, 556 U.S. at 678. Similarly inadequate are Plaintiff's allegations regarding Doug Cone, and the WPD's failure to "present evidence against or seek an arrest warrant against the family member of a fellow officer." Compl. at ¶ 12. Once again, such allegations do not suggest that Defendants' actions or inactions were motivated by any formal WPD policy, practice, or custom, and it is well-settled that

9

"a single incident, like the one alleged here, cannot form the basis for a *Monell* claim." *Harrison v. New York*, No. 14-CV-1296 (LDH), 2021 WL 1176146, at *5 (E.D.N.Y. Mar. 29, 2021) (citing *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823–24 (1985)). Accordingly, Plaintiff's purported *Monell* claim must be dismissed.

Leave to Amend

Defendants urge that, upon dismissal of his claims, Plaintiff should not be permitted leave to amend, insofar as "there are substantive issues with all of [P]laintiff's claims" and "repleading would be futile." *See* MTD at 12–13. The Court disagrees.

Rule 15(a)(2) provides that a court should freely give leave to amend "when justice so requires." *See McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007). "Leave to amend may be denied, however, if the amendment would be futile." *Ong v. Chipotle Mexican Grill, Inc.*, 294 F. Supp. 3d 199, 240 (S.D.N.Y. 2018) (citation omitted). "Leave to amend may also be denied 'when a party has been given ample prior opportunity to allege a claim.'" *Id.* (quoting *De Jesus v. Sears, Roebuck & Co., Inc.*, 87 F.3d 65, 72 (2d Cir. 1996)); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962) ("repeated failure to cure deficiencies by amendments previously allowed" constitutes grounds for denying amendment). "It is within the sound discretion of the district court to grant or deny leave to amend." *WC Capital Mgmt., LLC v. UBS Sec., LLC*, 711 F.3d 322, 334 (2d Cir. 2013) (internal quotation marks and citation omitted).

Here, given that Counts Two and Three have been deemed abandoned, the Court declines in its discretion to grant Plaintiff leave to file an amended complaint reasserting such claims. As to Count One, however, the Court has dismissed Plaintiff's First Amendment retaliation claim because he has not provided sufficient factual allegations regarding the personal involvement of each named individual Defendant. However, based on the allegations in the Complaint, as well as

certain extrinsic evidence, *see* ECF No. 33, it appears that Plaintiff likely possesses adequate information to sufficiently allege how, and to what extent, at least some of the individual Defendants participated in the underlying First Amendment violation.  Thus, at this juncture the Court cannot determine that leave to amend would be futile.  Accordingly, the Court will permit Plaintiff to file an Amended Complaint.

**Conclusion**

For all of the reasons set forth herein, Defendants' Motion to Dismiss is **GRANTED**.  The Complaint is **DISMISSED** in its entirety.  Counts Two and Three, as well as any purported *Monell* claim, are **DISMISSED with prejudice**.  The Clerk of the Court is directed to terminate Defendant Town of Wallingford.

Count One is **DISMISSED without prejudice**.  On or before **June 18, 2026**, Plaintiff may file an Amended Complaint asserting a First Amendment retaliation claim against the individual Defendants.  Any Amended Complaint will completely replace the Complaint, and for the reasons set forth herein, must adequately assert the personal involvement of each named Defendant in the alleged First Amendment violation.

**SO ORDERED** at Bridgeport, Connecticut, this 19th day of May 2026.

 /s/ Kari A. Dooley
KARI A. DOOLEY
UNITED STATES DISTRICT JUDGE

11