**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| VERNON STANCUNA,<br>*Plaintiff*,<br><br>v.<br><br>TOWN OF WALLINGFORD, PATROL OFFICER VINCENT ANASTASIO, LT. STEPHEN JAQUES, DET. MICHAEL FRIELLO, and SGT. BRIAN NOWEK,<br>*Defendants*. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | NO. 3:25-CV-1752 (KAD)<br><br><br><br><br><br><br>OCTOBER 21, 2026 |

**ORDER RE: [40] DEFENDANTS' MOTION TO DISMISS THE [37] AMENDED COMPLAINT**

Kari A. Dooley, United States District Judge:

Proceeding *pro se*, Plaintiff Vernon Stancuna initiated this action pursuant to 42 U.S.C. § 1983 ("Section 1983"), alleging his constitutional rights were violated when the Wallingford Police Department ("WPD") purportedly failed to adequately investigate a December 2023 burglary at his home. *See* Compl., ECF No. 1. On May 19, 2026, the Court dismissed Plaintiff's Complaint, but granted Plaintiff leave to file an Amended Complaint for the limited purpose of asserting his First Amendment retaliation claims against the individual Defendants – Patrol Officer Vincent Anastasio, Lieutenant Stephen Jacques, Detective Michael Friello, and Sergeant Brian Nowek (collectively, "Defendants"). *See* Order, ECF No. 35 [hereinafter "May 19, 2026 Order"]. Thereafter, Plaintiff filed his Amended Complaint, ECF No. 37, which Defendants now move to dismiss pursuant to Rule 12(b)(6), *see* Mot. Dismiss, ECF No. 40; *see* Mem. Law Supp. Mot. Dismiss Am. Compl., ECF No. 40-1.

**Standard of Review**

To survive a motion to dismiss filed pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible where "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). This "standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. Legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to a presumption of truth. *Id*. (citing *Twombly*, 550 U.S. at 555). Nevertheless, when reviewing a motion to dismiss, a court must accept well-pleaded factual allegations as true and draw "all reasonable inferences in the non-movant's favor." *Interworks Sys. Inc. v. Merch. Fin. Corp.*, 604 F.3d 692, 699 (2d Cir. 2010) (citing *City of New York v. Beretta U.S.A. Corp.*, 524 F.3d 384, 392 (2d Cir. 2008)). A court may also "take judicial notice of actions and proceedings in other courts to establish the fact of such litigation and related filings." *Cerilli v. Quiros*, 768 F. Supp. 3d 363, 365 n.1 (D. Conn. 2025) (citing *Massie v. Wells Fargo Bank, N.A.*, 734 F. Supp.3d 196, 198 n.1 (D. Conn. 2024)).

**Discussion**

"A plaintiff asserting a First Amendment retaliation claim 'must show: (1) he has a right protected by the First Amendment; (2) the defendant's actions were motivated or substantially caused by his exercise of that right; and (3) the defendant's actions caused him some injury.'" *Harenton Hotel, Inc. v. Vill. of Warsaw*, 749 F. App'x 17, 18 (2d Cir. 2018) (quoting *Dorsett v. Cty. of Nassau*, 732 F.3d 157, 160 (2d Cir. 2013)). Here, Plaintiff alleges that following his report of a burglary, Defendants, each employed by WPD, "failed to investigate [his] case out of spite of malice" in retaliation for his prior federal lawsuits filed against WPD. *See id*. at 2, 5-6. Plaintiff

further alleges Defendants were motivated by their interest in avoiding the bringing of charges against an individual whom Plaintiff believed was involved in the burglary. *Id*. at 5-6.

Insofar as Plaintiff generally alleges that Defendants were motivated by a desire to shield the alleged perpetrator from criminal liability, such allegations fall outside the scope of a First Amendment claim, exceed the scope of the amendment permitted by the Court, and have already been dismissed with prejudice. *See* May 19, 2026 Order at 6 n.3 (citing *McArthur v. Yale New Haven Hosp.*, No. 3:20-CV-998 (SRU), 2021 WL 3725996, at *6 (D. Conn. Aug. 23, 2021)).

As to Plaintiff's allegations that Defendants retaliated against him because he had previously filed lawsuits against WPD, the filing of litigation constitutes protected activity for purposes of a retaliation claim. *See Adler v. Pataki*, 185 F.3d 35, 45 (2d Cir. 1999). Even still, the Court finds Plaintiff has not alleged sufficient facts to demonstrate a causal connection between his protected activity and Defendants' purportedly inadequate investigation. In supporting his claims of retaliation, Plaintiff alleges only that "the lack of police effort, oversight and compliance with standards in this investigation, lead [him] to the conclusion" that Defendants retaliated against him. *Id*. at 5. Plaintiff neither identifies the parties to the underlying litigation nor specifies when those proceedings commenced or concluded. Taking judicial notice of the Plaintiff's prior litigation, it is manifest that none of the presently named Defendants were defendants in any of the prior litigation. *See* Am. Compl. 5-6; *Stancuna v. Haberski*, 3:07-cv-00770-JBA; *Stancuna v. Fratellenico*, 3:07-cv-00981-AWT; *Stancuna v. Iovene*, 3:08-cv-00030-JBA; *Stancuna v. DeMaio*, 3:08-cv-01451-AWT; *Stancuna v. Sacharko*, 3:09-cv-00075-AWT. Moreover, each prior action was filed between 2007 and 2009, and all of these cases had concluded by 2018, years before the December 2023 burglary. *Id*.

First, district courts oft dismiss retaliation claims where they are, as here, "supported only by conclusory allegations that the retaliation was based upon complaints against another officer." *Jones v. Fischer*, No. 9:10-CV-1331 GLS/ATB, 2013 WL 5441353, at *21 (N.D.N.Y. Sept. 27, 2013) (collecting cases). Further, there are no allegations that Defendants were even aware of Plaintiff's prior litigation activity involving the WPD. *See Huertas v. Guadarrama*, No. 3:25CV118 (SRU), 2025 WL 1868045, at *4 (D. Conn. July 7, 2025) (citing *Schlosser v. Manuel*, 2020 WL 127700, at *4 (D. Conn. Jan. 10, 2020)) (dismissing retaliation claims where plaintiff did not allege defendant was aware of plaintiff's protected activity). And finally, while "the temporal proximity of an allegedly retaliatory [action] to [protected conduct] may serve as circumstantial evidence of retaliation," *Hayes v. Dahlke*, 976 F.3d 259, 273 (2d Cir. 2020) (quoting *Gayle v. Gonyea*, 313 F.3d 677, 683 (2d Cir. 2002)), Plaintiff's pleadings do not support such an inference. The years long temporal gap between the allegedly inadequate investigation – 2023 – and the prior litigation – 2007 to 2018 – cannot support an inference that the former was motivated by retaliatory animus for the latter. *Clark Cty. Sch. Dist. v. Breeden*, 532 U.S. 268, 273 (2001)) (holding "[n]o plausible inference of causation based on temporal proximity can be drawn from the passage of a year or the passage of some undefined period").

Accordingly, Plaintiff has not plausibly alleged that Defendants' failure to investigate the burglary was motivated or substantially caused by his exercise of his First Amendment rights and has thus failed to state a First Amendment claim.

**Conclusion**

The Amended Complaint is **DISMISSED WITH PREJUDICE** in its entirety. The Clerk of the Court is respectfully directed to close the case.

**SO ORDERED** at Bridgeport, Connecticut, this 21st day of October 2026.

*/s/ Kari A. Dooley*
KARI A. DOOLEY
UNITED STATES DISTRICT JUDGE